IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHARLENA MONTGOMERY,** | * |
| Plaintiff, | * |
| v. | * Case No.: SAG-17-1718 |
| **COMMISSIONER OF SOCIAL SECURITY,** | * |
| Defendant. | * |

**MEMORANDUM OPINION**

On June 22, 2017, Plaintiff Charlena Montgomery ("Ms. Montgomery") petitioned this Court to review the Social Security Administration's final decisions regarding her claims for "overpayment" and "Extra Help In Medicare Prescription Drug Assistance." [ECF No. 1]. Currently pending is the Commissioner's Partial Motion to Dismiss Ms. Montgomery's Complaint. [ECF No. 14]. Ms. Montgomery has not filed a response.[1] I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons explained below, I will grant the Commissioner's Partial Motion to Dismiss.

On April 25, 2017, the Medicare Appeals Unit at the Social Security Administration ("SSA") mailed Ms. Montgomery notice of its decision denying her claim for Help with Medicare Prescription Drug Plan Costs. [ECF No. 14-3, Cousins Decl., Exh. 12]. That notice also advised Ms. Montgomery of her statutory right to commence a civil action within sixty days from receipt of the notice. *Id.*; 42 U.S.C. §§ 405(g)-(h). Ms. Montgomery timely filed this

---

[1] On October 3, 2017, the Clerk's Office mailed a Rule 12/56 letter to Ms. Montgomery to advise her of the potential consequences of failure to oppose the partial motion to dismiss. [ECF No. 16].

appeal of the Commissioner's final decision regarding the Medicare issue on June 22, 2017, so that appeal remains pending.

However, Ms. Montgomery also referenced "overpayment" as a basis for her appeal in her Complaint. [ECF No. 1]. On September 25, 2016, the Commissioner sent a letter to Ms. Montgomery advising her that she had been overpaid $49,373.10, which would need to be repaid to the SSA. [ECF No. 14-3, Cousins Decl., Exh. 7]. The letter advised Ms. Montgomery that she could appeal the determination by filing a Request for Reconsideration within sixty days. *Id.* Subsequently, Ms. Montgomery received letters the SSA sent on February 6, 2017, May 4, 2017, and June 2, 2017, advising her that her subsequently awarded benefits would be reduced to repay the overpayment. [ECF No. 14-3, Cousins Decl., Exh. 9-11]. Each of those letters also described the procedure by which the decision could be administratively appealed, by filing a Request for Reconsideration within sixty days. *Id.* According to Marie Cousins, the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations at the SSA, Ms. Montgomery has not filed an administrative appeal of any of the overpayment-related decisions. [ECF No. 14-3, Cousins Decl. ¶ 3(c)].

The SSA argues that this Court does not have jurisdiction over Ms. Montgomery's overpayment claim because she failed to exhaust her administrative remedies and is not appealing from a final order. Congress has authorized lawsuits seeking judicial review of decisions by the Commissioner only under certain limited conditions. *See City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). Under sections 205(g) and (h) of the Social Security Act, an individual may only obtain judicial review of the Commissioner's "final" decision after she has exhausted all administrative remedies. 42 U.S.C. §§ 405(g)-(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to

federal and state agencies to define by regulation. *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Section 405(g) of the Social Security Act provides that "any individual, after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action[.]" 42 U.S.C. § 405(g). This Court must determine whether the Commissioner's unfavorable rulings regarding overpayment and withholdings constitute "final decisions" that may be reviewed in federal court, even though Ms. Montgomery did not first seek administrative appellate review.

Social Security regulations set forth a four-step administrative process for resolution of overpayment claims. First, an initial determination is made, and after receiving notice, the allegedly overpaid individual may next proceed to the second step by requesting reconsideration of the overpayment decision. *See* 20 C.F.R. § 404.907. That reconsideration request must be made within sixty days of the initial determination of overpayment, although the time may be extended for good cause. *See* 20 C.F.R. §§ 404.909, 404.911. If reconsideration is requested, the SSA reviews the case and issues written notice of its reconsideration decision. *See* 20 C.F.R. §§ 404.913, 404.922. If the decision remains unfavorable, the third step is to request a hearing before an Administrative Law Judge ("ALJ"). *See* 20 C.F.R. § 404.921. After the hearing, the ALJ issues a written decision on the overpayment claim, which can be appealed to the fourth step: the SSA's Appeals Council. *See* 20 C.F.R. § 404.955. The Appeals Council can decide to review the case or deny the request for review. *See id.* Once the Appeals Council has denied the request for review or reviewed the case and issued a decision, the allegedly overpaid individual is entitled to file an action in a federal district court within sixty days of the decision. *See* 20 C.F.R. § 404.981.

Here, Ms. Montgomery's overpayment claim only proceeded through the first of the four steps, since she did not file a Request for Reconsideration or otherwise seek an administrative appeal. In a procedurally analogous case involving the denial of disability benefits by the SSA, the Fourth Circuit has determined that a claimant's administrative remedies were not exhausted where the claimant belatedly filed a request for review by the Appeals Council, and the Appeals Council therefore declined to review her claim. *See Adams v. Heckler*, 799 F.2d 131, 133 (4th Cir. 1986) ("We therefore affirm the district court's conclusion that no final decision by the Secretary has been presented by the facts herein and thus no jurisdiction for judicial review of the merits of Adams' disability claim exists."). If no final decision is presented where the Appeals Council is asked belatedly to review a case, then it follows logically that no final decision is presented where, as here, the preceding procedural steps are not completed and the Appeals Council is never asked to perform review. In light of the Fourth Circuit's analysis in *Adams*, the law as determined by Congress and the Commissioner requires Appeals Council review before a "final decision" can be obtained. Since Ms. Montgomery sought no such review as to her overpayment claim, she did not exhaust her administrative remedies, and this Court lacks jurisdiction over an appeal of the overpayment decisions.

**CONCLUSION**

For the reasons set forth above, the Commissioner's Partial Motion to Dismiss, (ECF No. 14), is GRANTED. The case will proceed only as to the appeal of Plaintiff's Medicare Prescription Drug Assistance claim. A separate order follows.


Dated: October 27, 2017 

/s/
Stephanie A. Gallagher
United States Magistrate Judge